UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PAUL L. MATYA, JR.,

                              Plaintiff,

                                                              **Hon. Hugh B. Scott**

                    v.
                                                              05CV2A

                                                              **Order**

UNITED REFINING COMPANY,
UNITED REFINING COMPANY OF PENNSYLVANIA,

                              Defendants.

_____

        Before the Court is plaintiff's motion to compel[1] under Federal Rule of Civil

Procedure 37 (Docket No. 40), made while defendants' motion for summary judgment (Docket

No. 25) is pending.

## BACKGROUND

        Defendants United Refining Company (hereinafter "URC") and United Refining

Company of Pennsylvania ("URCP") operate Kwik Fill stores in western New York and western

Pennsylvania.  This is a Title VII and New York State Human Rights Law action against

defendants (see Docket No. 1, Compl.).  Plaintiff was employed in defendants' Kwik Fill stores

from March 1, 2001, through June 20, 2002 (id. ¶¶ 4, 15-16).

_____

        [1]In support of this cross-motion, plaintiff filed his attorney's affidavit (with exhibits), and
his own affidavit, Docket No. 40, and plaintiff's attorney's reply affidavit (also with exhibits),
Docket No. 46.  In opposition, defendants filed their attorney's affidavit (with exhibits), Docket
No. 43, memorandum of law, Docket No. 44, and appendix of unreported authority, Docket
No. 45.

According to the Scheduling Order (Docket No. 8), motions to compel discovery were due thirty days before the discovery deadline (then of December 16, 2005). That Scheduling Order was amended by numerous stipulations (Docket Nos. 15, 18, 19, 22), which the Court so ordered (Docket Nos. 16, 20, 23), where the latest discovery deadline was May 1, 2006, with the Court declaring that the last extension was the final one the Court would entertain (Docket No. 23). Plaintiff first sought the payroll records at issue in this motion four days before the close of discovery (Docket No. 43, Defs. Atty. Aff. ¶ 14; Docket No. 44, Defs. Memo. of Law at 3). According to defendants, plaintiff had never before sought these documents during the one year of discovery in this case (Docket No. 44, Defs. Memo. at 3; see Docket No. 43, Defs. Atty. Aff. ¶ 18).

*Plaintiff's Present Motion*

Partly in response to defendants' motion for summary judgment (Docket No. 25), plaintiff now essentially cross-moves to compel responses to two document demands, for payroll records of 21 Kwik Fill locations in Erie, Harborcreek, and North East, Pennsylvania, and Olean, New York, for employees at each location from 2001 through 2006 (Docket No. 40). Plaintiff also sought similar records for URC employees at Country Fair and Red Apple locations (Docket No. 43, Defs. Atty. Aff. ¶ 30, Ex. D). Plaintiff also seeks to preclude defendant from opposing plaintiff's claims based upon the documents that were not produced, take the facts and matters sought to be discovered to be established (Docket No. 40, Pl. Atty. Aff., at 6).

At each of plaintiff's repeated requests for these records (Docket No. 40, Pl. Atty. Aff. ¶¶ 3, 5, 7, 9, Exs. A, C, E), defendants objected to their production as being overly broad, unduly burdensome, and seeking otherwise irrelevant information (Docket No. 40, Pl. Atty. Aff. ¶¶ 4, 6,

2

8, 10, Ex. B, D, F), stating that Kwik Fill had 1,130 employees working at these 21 facilities during the five years plaintiff inquired about (id. ¶ 8). Defendants also noted that plaintiff merely repeated his request without elaborating how the voluminous records were relevant (id. ¶ 10, Ex. F). The last request, counsel's letter of June 29, 2006 (id. ¶ 9, Ex. E), occurred after the discovery deadline of May 1, 2006, and the last discovery demand (id. ¶ 7, Ex. C) of April 24, 2006, was after the time for motion to compel, which would have been thirty day before the May 1, 2006, deadline, or April 1, 2006. Thus, that last demand was beyond the time for a motion to compel.

Plaintiff argues that payroll records from Kwik Fill location number M128 (the Harborcreek store where plaintiff started) were produced, which led plaintiff to believe that the reason he was not hired at the Olean store was pretext and that URC did, in fact, rehire employees who left without prior written notice despite company policy to the contrary (id. ¶ 11). From review of the M128 records, plaintiff found that, in 2002, another employee (Brian Firster) was rehired who initially failed to provide prior written notice of his earlier departure (id. ¶ 13; Docket No. 40, Pl. Aff. ¶ 6). In reply, plaintiff also points out another employee (Tony Putnam) who was rehired after terminating his employment with insufficient notice (Docket No. 46, Pl. Atty. Reply Aff. ¶¶ 4, 9, Ex. B, E).

Plaintiff contends that, "in preparing a response to the motion for Summary Judgment it has become apparent that these documents might very well be helpful in backing up the retaliation claim" (Docket No. 40, Pl. Atty. Aff. ¶ 14). This is the only reference to the pending summary judgment motion, and plaintiff makes no express mention of Federal Rule of Civil Procedure 56(f).

*Defendants' Response*

Defendants contend that they responded to plaintiffs' repeated demands regarding Firster, stating that Firster was employed from October 2003 and remained employed with URC (Docket No. 43, Defs. Atty. Aff. ¶ 21) and was not terminated since his hiring and only sought a voluntary leave and had not resigned without sufficient notice (id. ¶¶ 23, 25).  Defendants claim that they produced Firster's personnel records for 2003-05 (id. ¶ 27).

Defendants argue that plaintiff's requests regarding persons rehired by any URC retail location were overbroad because they included URC's Country Fair stores which had distinct employment polices and procedures from Kwik Fill (id. ¶¶ 31, 33, Ex. E).  Defendants also contend that URC payroll records are not relevant to plaintiff's alleged retaliation claims (id. ¶ 44).

Defendants argue that preclusion is not warranted (Docket No. 44, Defs. Memo. at 4-5).

*Briefing Schedule*

After granting plaintiff an extension of time to respond to defendants' motion for summary judgment, responses to that motion were due by August 30, 2006, with any reply by or before September 27, 2006, and the motion deemed submitted without oral argument on September 27 (Docket No. 39).

In order to consider plaintiff's present motion within the schedule for the defense motion and avoiding altering the former schedule, responses to plaintiff's motion were due by August 22, 2006, with any reply by August 25, 2006, and the motion deemed submitted without oral argument on August 25 (Docket No. 41).  Defense counsel wrote, on August 15, 2006, for the Court to reconsider this briefing schedule so that defendants' motion for summary judgment

4

could be heard first (letter of Bryan Miller to Chambers of Aug. 15, 2006).  The Court declined

defendants' request (Docket No. 42).  Defense counsel also noted in this letter that, under the

latest amended Scheduling Order, motions to compel discovery were thirty days before the close

of discovery, on May 1, 2006, and that plaintiff's present motion is over three months after that

deadline (Miller letter).

## DISCUSSION

I.      Rule 37 Motion to Compel

        A.      Timeliness of This Rule 37 Motion to Compel

        Defendants argue that plaintiff's present motion is untimely (Docket No. 43, Defs. Atty.

Aff. ¶¶ 3-5; Docket No. 44, Defs. Memo. at 1-2, 3), see Gavenda v. Orleans County, 182 F.R.D.

17, 20 (W.D.N.Y. 1997) (Scott, Mag. J.).  Under the Scheduling Orders, motions to compel were

due thirty days before the discovery cut off date, here April 1, 2006, for the May 1, 2006,

deadline (see Docket No. 23; Docket No. 43, Defs. Atty. Aff. ¶ 3, Ex. A; cf. Docket No. 44,

Defs. Memo. at 1 (giving April 30, 2006, deadline for motions to compel)).  Plaintiff, however,

moved to compel four months after this deadline (Docket No. 44, Defs. Memo. at 1) and three

months after the close of discovery (Docket No. 43, Defs. Atty. Aff. ¶ 4), in the face of a pending

motion for summary judgment.  Defendants note that plaintiff has sought this discovery only

within days of the cut off and then months after discovery was concluded (Docket No. 44, Defs.

Memo. at 1-2; Docket No. 43, Defs. Atty. Aff. ¶¶ 5, 14, 16, Exs. A, F, H).

        Under the Rule 16(b) Scheduling Orders discussed above, the time for discovery (and

motions to compel discovery) has passed and to modify those Orders to allow discovery at this

late date would require a showing of good cause and leave of the Court, see Fed. R. Civ.

P. 16(b); <u>see also</u> <u>Carnite v. Granada Hosp. Group</u>, 175 F.R.D. 439, 446 (W.D.N.Y. 1997)

(Foschio, Mag. J.) (Report & Recommendation) (regarding an untimely motion for leave to

amend complaint, quoting, with emphasis, Rule 16(b)), <u>adopted</u>, 175 F.R.D. at 441 (Arcara, J.).

No such showing of good cause has been made and there was no motion to modify (again) these

Scheduling Orders.  <u>See also</u> <u>Carnite</u>, <u>supra</u>, 175 F.R.D. at 448 (Foshcio, Mag. J.) (plaintiff failed

to move to amend the Court's scheduling order and his failure to raise "even [a] facially

persuasive reason" to grant relief).

If seen as a motion to compel under Rule 37 (the only cited basis for this motion, <u>see</u>

Docket No. 40, Notice of Motion), plaintiff would need to show his good faith efforts in

conferring with defense counsel in order to obtain these records, Fed. R. Civ. P. 37(a)(2)(B).

Plaintiff cites as his certification the three document demands and his attorney's follow up letter

seeking these items, each responded to by defense objections.  Plaintiff does not discuss further

conversations or other efforts to obtain these documents short of this motion other than

repeatedly asking for them.  For example, plaintiff does not address the defense concerns about

the burdensomeness of his request.  Defendants contend that plaintiff did not sincerely attempt to

resolve this discovery dispute short of belated motion practice (Docket No. 43, Defs. Atty. Aff.

¶¶ 8-11, 13-18; Docket No. 44, Defs. Memo. at 2).  Plaintiff merely reiterated its earlier request

(either by repeated discovery demands or by letter) without documenting any attempt to confer to

avoid this motion.  As a Rule 37 motion, it should be denied for failing satisfactorily to certify

plaintiff's efforts in good faith to resolve this dispute short of motion practice.

B.      Burdensomeness of Request

Plaintiff's requests are also overly burdensome and seek materials irrelevant to plaintiff's retaliation claims.  On these bases, plaintiff's motion should be denied.  But, since there is a pending summary judgment motion, plaintiff may have an alternative ground to support its belated discovery.

II.     Relief Under Rule 56(f)?

Defendants argue that, if their motion for summary judgment is granted, then plaintiff's present motion to compel would be moot (Docket No. 43, Defs. Atty. Aff. ¶ 26; Docket No. 44, Defs. Memo. at 4).  They essentially ask the Court to reconsider its earlier decision to consider plaintiff's present motion first rather than their earlier motion for summary judgment.  But as held in the Order denying defendants' request (Docket No. 42), the Court needs to consider plaintiff's motion first on the chance that plaintiff was arguing that he could not respond to defendants' summary judgment motion without the discovery sought (id. at 2).  This differs from the result in Hernandez v. Tiede, No. 94CV908, 1996 U.S. Dist. LEXIS 20789, at *2 (W.D.N.Y. Apr. 30, 1996) (Heckman, Mag. J.), where the plaintiff moved for leave to amend and to compel discovery and defendants moved for summary judgment, the Court choose to first address the summary judgment motion and, having recommended disposal of the case on summary judgment, deemed plaintiffs' motions to be moot, id. at *18-19.  Magistrate Judge Heckman did not discuss the impact of Rule 56(f) on plaintiff's pending motion to compel, cf. id. at *2 (court granting now pro se plaintiff additional time to respond to defense motion for summary judgment).  Here, whether plaintiff can respond to the pending summary judgment motion without the discovery he seeks is at issue.

Plaintiff may have alternative grounds under Rule 56, however, for his otherwise belated

discovery and motion practice.  Under Rule 56(f), an opponent to a summary judgment motion

who states in an affidavit "that the party cannot for reasons stated present by affidavit facts

essential to justify the party's opposition, the court may refuse the application for judgment or my

order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to

be had or may make such other order as is just."  In other words, Rule 56(f) allows the opponent

to argue that he does not know enough facts to refute the summary judgment motion but needs

further discovery to enable the opponent to assert facts in opposition to the pending summary

judgment motion (or to contend that the material facts alleged by the movant are genuinely in

dispute) and seeks the Court ordering that discovery.

The relevant test in this Circuit for granting a Rule 56(f) responding motion is "[A] party

resisting summary judgment on the ground that it needs discovery in order to defeat the motion

must submit an affidavit showing '(1) what facts are sought [to resist the motion] and how they

are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of

material fact, (3) what effort affiant has made to obtain them, and (4) why the affiant was

unsuccessful in those efforts.'"  Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 303 (2d

Cir. 2003) (quoting Gurary v. Winehouse, 190 F.3d 37, 43 (2d Cir. 1999)); Paddington Partners

v. Bouchard, 34 F.3d 1132, 1138 (2d Cir. 1994); Antonio A. Alevizopoulos and Assocs., Inc. v.

Comcast Int'l Holdings, Inc., 100 F. Supp. 2d 178, 185 (S.D.N.Y. 2000); see also American Nat'l

Red Cross v. Nichols Team, Inc., 434 F. Supp. 2d 142, 143 (W.D.N.Y. 2006) (Larimer, J.).

Here, plaintiff moves under Rule 37 beyond the time for such a motion and only makes

an oblique reference to a pending summary judgment motion and the possibility of reliance upon

Rule 56(f) (without citing the latter rule).  Plaintiff's affidavit does not claim that he cannot

respond to defendants' summary judgment motion without this discovery (<u>cf.</u> Docket No. 40, Pl.

Aff.) and plaintiff's counsel merely argues that the documents sought "might very well be helpful

in backing up [plaintiff's] retaliation claim" (<u>id.</u> Pl. Atty. Aff. ¶ 14) in opposing defendants'

summary judgment motion. What plaintiff does not discuss is why he failed to move to compel

their production within the discovery period after defendants repeatedly refused to produce these

documents.  Plaintiff does not indicate his inability to respond to the summary judgment motion,

merely claims that this additional discovery might be helpful in advancing his claim and resist

summary judgment.

The scope of discovery under Rule 56(f) differs from that under Rules 26-37, <u>see</u> <u>First</u>

<u>National Bank of Ariz. v. Cities Service Corp.</u>, 391 U.S. 253, 265 (1968), with discovery under

Rule 56(f) being more limited, to showing facts to withstand summary judgment, than broader

Rule 26 discovery, which goes to finding information "reasonably calculated to lead to the

discovery of admissible evidence," Fed. R. Civ. P. 26(b)(1).  Discovery under Rule 56(f) is only

to enable the opposing party to respond to a summary judgment motion, that is to point out

material issues of fact that should preclude summary judgment.

A.      Facts Sought and Efforts to Obtain and Why Plaintiff Was Unsuccessful

As for the facts sought, plaintiff seeks five years' worth of payroll records from 20 Kwik

Fill stores in four cities, in addition to the materials produced for location M128, as well as other

URC retail outlets.  As for his efforts to obtain these records, plaintiff has shown his attempts,

namely repeated document demands seeking them and the method proposed to obtain them

(renewing the document request already made by formal demand and letter).  Plaintiff now

argues that his request is not burdensome because, from the production for location M128 he

received six computer generated reports; he concludes that production from the other twenty

stores will generate only one hundred and twenty pages of documents (Docket No. 40, Pl. Atty.

Aff. ¶ 11).  But this does not consider the burden for retrieving the sought data from each of these

stores for the relevant period or the scope of the search including stores (Country Fairs, for

example) with distinct personnel practices than the Kwik Fill practices at issue here.

Plaintiff also discussed how he was unsuccessful in obtaining them, reporting defendants'

repeated objections to their production.  As previously stated, what plaintiff has not addressed is

why he failed to make this motion to compel sooner, prior to the close of discovery.

B.       How Facts Are Reasonably Expected to Create a Genuine Issue of Material Fact

The key issue is how the facts to be disclosed from this discovery are reasonably expected

to create a genuine issue of material fact.

First, plaintiff's supports his contention by hearsay (see Docket No. 40, Pl. Aff. ¶¶ 4-6,

14, 3), without attempting to introduce an affidavit from the person plaintiff quotes.  Rule 56(e)

requires affidavits setting forth facts "as would be admissible in evidence" and plaintiff's hearsay

statements of what a former co-worker told him would not be admissible.

Next, plaintiff seeks discovery of evidence that other former Kwik Fill employees were

re-employed despite failing to file a formal written notice of their quitting to somehow establish

that applying the notice rule to plaintiff was some how pretextual.  This discovery would

consider what URC did as to other employees.  Plaintiff has not argued that this discovery raises

material issue of fact required under Rule 56(f), as opposed to the broader Rule 26 discovery

10

standard of pointing to discovery of admissible evidence.  Therefore, as a Rule 56(f) application,

plaintiff's motion to compel is **denied**.

## CONCLUSION

For the reasons stated above, plaintiff's motion to compel (Docket No. 40) is **denied**.

Plaintiff's opposition to defendants' pending motion to summary judgment (Docket No. 25)

remains due on **August 30, 2006**, and any reply from defendants is due by September 27, 2006,

with that motion deemed submitted (without oral argument, unless otherwise determined

necessary by the Court) on September 27, 2006 (Docket No. 39).

So Ordered.

_____
/s/ Hugh B. Scott
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
       August 29, 2006