UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

PAUL L. MATYA, JR.,

                Plaintiff,

    v.                                            ORDER
                                                    05-CV-02A

UNITED REFINING COMPANY and
UNITED REFINING COMPANY OF
PENNSYLVANIA,

                Defendants.

---

        Plaintiff brought this action against defendants United Refining Company ("URC") and United Refining Company of Pennsylvania ("URCP"), alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 and the New York State Human Rights Law. This case was referred to Magistrate Judge Hugh B. Scott pursuant to 28 U.S.C. § 636(b)(1).

        On June 30, 2006, the defendants filed a motion for summary judgment. Plaintiff filed a response in opposition to the motion. On November 16, 2006, Magistrate Judge Scott issued a Report and Recommendation recommending that the defendants' motion for summary judgment be granted.

        The plaintiff filed objections to Magistrate Judge Scott's Report and Recommendation and the defendants filed a response. On February 23, 2007, the Court heard oral argument on the objections.

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a <u>de novo</u> determination of those portions of the Report and Recommendation and Order to which objections have been made.  Upon <u>de novo</u> review and after hearing arguments of counsel, the Court hereby denies plaintiff's objections and adopts Magistrate Judge Scott's Report and Recommendation.

Furthermore, in addition to the reasons stated by Magistrate Judge Scott, the Court finds that summary judgment is appropriate because there is insufficient evidence to permit a rational finder of fact to infer unlawful retaliation. Plaintiff alleges that he was given a negative employment reference in retaliation for his complaint that a female employee was being scheduled to work more hours than him.  As Magistrate Judge Scott correctly noted, to establish a *prima facie* case of retaliation, the plaintiff must show participation in a protected activity known to the defendant, an employment action disadvantaging him, and a causal connection between the protected activity and the adverse employment action. <u>Holt v. KMI-Continental, Inc.</u>, 95 F.3d 123, 130 (2d Cir. 1996).  Plaintiff's "complaint" of gender discrimination simply consisted of a one-time inquiry as to why a particular female employee had been scheduled to work more hours than him.  It is noted that some male employees were also scheduled to work more hours than the plaintiff, but the plaintiff did not take issue with that.  In any event, assuming *arguendo* that this isolated inquiry rose to the level of "protected activity" sufficient to establish plaintiff's *prima facie* case, the plaintiff cannot show

that the negative evaluation was a pretext for unlawful retaliation.

The undisputed evidence shows that the reference given was an accurate statement regarding plaintiff's work performance. Plaintiff, who had been employed by a URCP store in Erie, Pennsylvania, failed to show up for work the week of June 21 through June 27, 2002. On two occasions that week, he came into work one-half hour before his scheduled shift and informed the store manager that he was not able to work that day because he was "moving stuff." This left his store manager scrambling to cover the missed shifts. The plaintiff failed to return to the store anytime thereafter to be put back on the schedule. On or about July 18, 2002, the store manager terminated plaintiff's employment for job abandonment and for failure to give the required two weeks' notice.

Thereafter, the plaintiff sought employment in another URCP store. That store was located in Olean, New York. When the Olean area manager contacted plaintiff's former area manager, Frank Bartela, to inquire as to the plaintiff's employment history, Bartela informed the Olean manager that plaintiff was terminated for job abandonment and for failure to give the required two weeks' notice. This evidence provides a legitimate, nondiscriminatory reason for the defendants' actions. Plaintiff does not dispute the accuracy of Bartela's evaluation. Nevertheless, he claims – without any evidentiary support – that Bartela's evaluation was motivated by an improper retaliatory motive. To succeed on his retaliation claim, the plaintiff must show that the legitimate,

nondiscriminatory explanation was merely a pretext for retaliation.  Plaintiff has offered no evidence from which a jury can infer pretext.  Therefore, after examining the entire record and finding no evidence upon which pretext can be inferred, the Court finds that summary judgment in favor of the defendants is appropriate.

Accordingly, for the reasons stated herein and in Magistrate Judge Scott's report and recommendation, the defendants' motion for summary judgment is granted in its entirety.  The Clerk of the Court is directed to enter judgment in favor of the defendants and to take all steps necessary to close the case.

SO ORDERED.

s/ *Richard J. Arcar*a
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: March  29 , 2007